# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**CRIMINAL ACTION NO. 3:09-CR-170**

**UNITED STATES OF AMERICA**                                                  **PLAINTIFF**

v.

**MICHAEL CHANTHOU CHIN,**                                             **DEFENDANTS**
**ET AL.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a Motion to Sever or Dismiss by Defendant Larry Thomas Hibbard [DN 747]; a Motion to Dismiss by Defendant Chandamaly Koy Chea [DN 760], Defendant Michael Chanthou Chin [DN 762], Defendant Phech Hou Eng [DN 770], and Defendant Laney Jo Mudd [DN 775, DN 776]; and a Motion to Sever by Defendant Kong Cheng Ty [DN 752] and Defendant Chhenghy Heng [DN 800].

Turning first to the motions to dismiss, Defendants argue that count one of the indictment, conspiracy to commit marriage fraud, should be dismissed because it is time barred by the statute of limitations. The statute of limitations for prosecutions initiated against a conspiracy to commit an offense or to defraud the United States pursuant to 18 U.S.C. § 371 is five years from the date of the commission of the last overt act in furtherance of the conspiracy. See 18 U.S.C. § 3282; United States v. Smith, 197 F.3d 225, 228 (6th Cir. 1999) ("[N]ormally the date of the last overt act in furtherance of the conspiracy alleged in the indictment begins the clock for purposes of the five-year statute of limitations."). Defendants contend that the purpose of the conspiracy ended, and therefore the statute of limitations began to run, once the fraudulent marriages were consummated. However, the government does not allege that the purpose of the conspiracy was to enter into fraudulent

marriages. Instead, the government contends the object was of the conspiracy was to "evade immigration laws and obtain legal permanent resident status for foreign-born Cambodian nationals." (Second Superseding Indictment p. 7,¶ 3, Sept. 22, 2010.) In other words, the fraudulent marriages only played a part in accomplishing the overall goal of the conspiracy. In furtherance of the conspiracy, the government has alleged 60 overt acts that occurred within the statute of limitations. Accordingly, the Defendants are not entitled to dismissal of count 1 on statute of limitations grounds.

Defendant Michael Chanthou Chin also argues that count three of the Second Superseding Indictment, marriage fraud, should be dismissed because it is also barred by the five year statute of limitations. Specifically, Chin argues that his alleged fraudulent marriage occurred on April 11, 2005, more than 5 years from the date the Second Superseding Indictment was filed on September 22, 2010. However, "[s]ince the statute stops running with the bringing of the first indictment, a superseding indictment brought at any time while the first indictment is still validly pending, if and only if it does not broaden the charges made in the first indictment, cannot be barred by the statute of limitations." Smith, 197 F.3d at 228 (quotation omitted). Therefore, as long as the superseding indictment does not broaden the original indictment, the superseding indictment relates back to the filing of the original. Here, count three of the Second Superseding Indictment is nearly identical to count four of the Superseding Indictment which was filed on April 6, 2010. Accordingly, count 3 of the Second Superseding Indictment relates back to April 6, 2010, and is not barred by the statute of limitations.

Based on the foregoing, **IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss [DN 747, DN 760, DN 762, DN 770, DN 775, DN 776] are **DENIED**. Defendant Chea's and Defendant Mudd's motions for an evidentiary hearing to determine the scope of the conspiracy for

statute of limitations purposes [DN 760, DN 775, DN 776] are also **DENIED**. As to Defendants' Motions to Sever [DN 747, DN 752, DN 800] the Court finds the motions are **DENIED AS MOOT**. However, all Defendants are granted leave to file objections to the United States's Motion to Sever Defendants into two trial groupings [DN 848]. Defendants will have until July 19, 2011, to file such objections, put forth any additional arguments related to their inclusion in a particular group, and file any motions to dismiss.

cc. Counsel of Record