UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CRIMINAL ACTION NO. 3:09-CR-170

UNITED STATES OF AMERICA                                              PLAINTIFF

v.

MICHAEL CHANTHOU CHIN,                                                DEFENDANTS
ET AL.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion for the production of government witness statements 30 days prior to trial by Defendant Michael Chanthou Chin [DN 764], Defendant Chandamaly Koy Chea [DN 768], and Defendant Chhenghy Heng [DN 804] and a motion for the production of exculpatory evidence by Defendant Michael Chanthou Chin [DN 766] and Defendant Chhenghy Heng [DN 803]. Fully briefed the matters are ripe for decision. For the reasons that follow the motions are denied.

Defendants have first requested that the government produce all cooperating witness statements 30 days prior to trial. However, it is well settled pursuant to the Jencks Act, 18 U.S.C. § 3500, that "[i]n any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." Accordingly, Defendants' motion for the production of witness statements [DN 764, 768] is **DENIED**. Although the Court cannot force the government to do so, the Court would strongly encourage the government to disclose Jencks material well in advance of the trial so as not to make

what is sure to be a burdensome trial even more so.

Similarly, Defendants' request for exculpatory evidence must also be denied under Brady v. Maryland, 373 U.S. 83 (1963). "[T]he Brady rule imposes a general obligation upon the government to disclose evidence that is favorable to the accused and material to guilt or punishment." United States v. Presser, 844 F.2d 1275, 1281 (6th Cir. 1988). However, it is the government, and not the court, which "typically is the sole judge of what evidence in its possession is subject to disclosure." Id. As long as the government provides the Brady material to Defendants "in time for its 'effective' use at trial," the Brady doctrine is not violated. Id. at 1283. Consequently, rule [16] provides no authority for compelling the pre-trial disclosure of Brady material, or of any other evidence not specifically mentioned by the rule." Id. However, the government has agreed to disclose to Defendants any Brady material that may surface to ensure Defendants effective use of such material. Accordingly, Defendants' motion for the production of exculpatory evidence [DN 766, DN 803] is **DENIED**.

cc. Counsel of Record